UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT OF
DELMARINE, INC., AS OWNER OF A CERTAIN          MEMORANDUM OF
1973 18' SIGNA BOWRIDER FOR EXONERATION              DECISION AND
FROM OR LIMITATION OF LIABILITY.                            ORDER

                                                        CV 03-6206 (ADS)


-------------------------------------------------------------------------x

A P P E A R A N C E S :

        BENNETT, GIULIANO, MCDONNELL & PERRONE, LLP
        Attorneys for Delmarine, Inc. and
        Michael J. Starito, Jr.
        225 West 34th Street
        New York, New York 10122-0402
        By:    JOSEPH J. PERRONE, Esq., of Counsel

        TABAK, MELLUSI & SHISHA, ESQS.
        Attorneys for the Claimants Linda Fainer and
        Gregory Fainer
        29 Broadway
        New York, New York 10006
        By:    JACOB SHISHA, Esq., of Counsel


                    I.        BACKGROUND

        This action arises from a collision between two recreational motor boats on

Long Island's Great South Bay.  The accident caused the claimant, Linda Fainer

("Linda"), to sustain serious and permanent injuries.  Linda and her husband, Gregory

Fainer ("Gregory"), commenced a lawsuit in New York Supreme Court, Nassau

County on September 10, 2003.  Three months later, on December 9, 2003, Delmarine

Inc., the owner of the Signa motorboat involved in the collision commenced a maritime claim pursuant to the limitations of Shipowners' Liability Act, 46 App. U.S.C.§ 181, et seq., now 46 U.S.C. § 30503 et seq., to limit its liability. On June 21, 2006 the state action against the operator of the Delmarine vessel, Michael J. Starito, was removed to this Court. As both actions arise from the same occurrence the Court will consolidate these actions for administrative convenience.

On October 24, 2007 the Court issued a Decision and Order apportioning liability, finding Starito 85% liable and the claimant's husband, Gregory, 15% liable. The Court awarded Linda $750,000. for her injuries and pain and suffering to date; $500,000. for future pain and suffering; and $23,422.10 for past medical expenses. The Court further determined that pre-judgment interest was not appropriate. Presently before the Court are the issues of reducing Linda's future damages award to present value; the claimants' request to enter final judgment against Starito; and the claimants' request that the Court order Delmarine and Starito to provide updated information about the remaining limits on their liability insurance policy.

## II.     DISCUSSION

### A.     Discounting Future Damages

The award for future pain and suffering must be reduced to its present value. *See Grace v. Corbis Sygma, et al.*, 487 F.3d 113 (2d Cir. 2007); *Oliveri v. Delta*, 849 F.2d 742, 751 (2d Cir.1988) ("We have concluded that the appropriate course is to

2

accept the concept of discounting awards for non-pecuniary losses, but to forgo the precision appropriate for discounting future earnings.... That should be done by the same fact-finder that determines the amount of the award, without any precise mathematical adjustments."); *Estevez v. United States*, 72 F. Supp. 2d 205, 211, 214 (In a FTCA case, reducing damages awards for future pain and suffering by a discount rate of 2% per year, for a maximum of ten years pursuant to New York law); *see also* N.Y. C.P.L.R. 5041(e) ("[T]he period of time used to calculate the present value for damages attributable to pain and suffering shall be ten years or the period of time determined by the trier of fact, whichever is less.").

The claimant argues that the Court should discount her award for future pain and suffering by 2% pursuant to the Second Circuit's decision in *Doca v. Marina Mercante Nicaraguens, S.A.*, 634 F.2d 30 (2d Cir. 1980). However, Delmarine and Starito argue that based on current market information a discount rate of 4.15% would reasonably represent a conservative long-term investment.

In *Doca*, the plaintiff was injured while working as a cargo checker for a company that unloaded cargo from container ships. He sued both the owner of the vessel that he was unloading when the incident occurred and the stevedore company pursuant to the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901-950 (1976). *Doca* at 32. The issue before the Second Circuit was the proper reduction to present value of the award for plaintiff's future lost wages.

The court noted that the practice of discounting future lost wages to present value was first required by the Supreme Count in *Chesapeake & Ohio Ry. v. Kelly*, 241 U.S. 485, 36 S. Ct. 630, 60 L. Ed. 1117 (1916). *Doca* at 37. The *Doca* court explained: "Discounting to present value determines the amount of money that will produce the lost future wages if the lump sum award (and any interest it earns) is invested at prevailing interest rates." However, the *Doca* court was clear that it would not require any one method by which reduction to present value should be calculated, stating that "[i]f litigants prefer to offer evidence as to future rates of both inflation and interest, they are entitled to do so." *Id.* at 39. The court continued:

> "Litigants are free . . . to offer evidence of a rate more appropriate than 2%. But in the hope that disputes about the appropriate rate may be minimized, we simply suggest the 2% rate as one that would normally be fair for the parties to agree upon, and we authorize district judges to use such a rate if the parties elect not to offer any evidence on the subject of either inflation or present value discount."

*Id.* at 40.

The rule of discounting future loss of earnings to present value has been extended to awards for future non-pecuniary losses, such as pain and suffering. *Matthews v. CTI Container Trans. Int'l., Inc.*, 871 F.2d 270, 280–81 (2d Cir. 1989) (upholding award where the district court expressly stated that it was reducing its award for future pain and suffering to "present cash value," although it was silent as to discounting of other non-pecuniary future losses); *Oliveri*, 849 F.2d at 751; *Espana v. United States*, 616 F.2d 41, 44-45 (2d Cir.1980); *see also Metz v. United Technologies*

4

*Corp.*, 754 F.2d 63, 66 (2d Cir. 1985) ("[I]n computing the damages recoverable for the deprivation of future benefits, the principle of limiting the recovery to compensation requires that adequate allowance be made, according to circumstances, for the earning power of money; in short, that when future payments or other pecuniary benefits are to be anticipated, the verdict should be made up on the basis of their present value only." (internal quotation marks omitted)).

Since *Doca*, courts have applied the 2% discount where the parties have failed to agree upon a different factor or submitted convincing evidence that another factor would be more appropriate. *Ammar v. United States*, 342 F.3d 133, 148 (2d Cir. 2003) ("Where the parties have adduced no evidence relating to the discount rate and there has been no upward adjustment of the undiscounted lost wages figure to cover future inflation, this Court has authorized district judges to use a discount rate of 2% per year."); *McCrann v. Unites States Lines, Inc.*, 803 F.2d 771, 775 (2d Cir. 1986) ("[W]e now reaffirm our holding that courts applying an adjusted discount rate are free to use 2% where the evidence of a more appropriate rate is unconvincing."). Ultimately, the determination of the appropriate discount rate is discretionary with the Court. *McCrann*, 803 F.2d at 775.

Here, Delmarine and Starito have not adduced any convincing evidence of an appropriate alternate discount rate and have merely suggested a rate based upon currently available conservative investments, such as twenty year United States

Government Treasury Notes. Therefore, upon a review of all the factors, the Court finds that the *Doca* 2% discount rate is a reasonable representation of the present value of the claimant's award for future pain and suffering.

After determining the appropriate discount rate, "[t]he trier of fact should apply the discount rate to each of the estimated installments . . ., and then add up the discounted installments to determine the total award." *Ammar*, 342 F.3d at 148. Here, the parties have stipulated that if the Court applies the *Doca* 2% discount rate, the present value of the plaintiff's $500,000 future pain and suffering award is $347,898. Therefore, Linda Fainer's award is $347,898. for future pain and suffering; $500,000. for injuries and pain and suffering to date; and $23,422. for medical expenses, totaling $1,121,320.

### B.     As to Entry of Judgment Against Michael Starito

Linda Fainer requests that the Court enter final judgment against Michael Starito in order to avoid a trial of Delmarine's limitation of liability. The claimant argues that "if judgment is not entered at this time and the parties proceed with a trial on limitation, the legal fees expended to try the limitation case will reduce the amount of insurance coverage Starito has; and likewise reduce the amount of insurance coverage [claimant] would be the beneficiary of."

FED. R. CIV. P. 54(b) provides that in an action involving multiple parties "the court may direct the entry of final judgment as to one or more but fewer than all of the

claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." When entering judgment against fewer than all defendants, the Rule "has been interpreted to require a final adjudication of all of the rights and liabilities of at least one party before judgment may be directed as to that party; i.e., the complete interest of the party must be finally adjudicated." 10 FERN M. SMITH, MOORE'S FEDERAL PRACTICE - CIVIL § 54.22. Here, all of the Fainers' claims against Starito have been adjudicated and the Court finds that there is no just reason for the delay of the entry of judgment against him.

However, the award must be reduced by the portion of liability attributed to Gregory Fainer in the Court's October 24, 2007 Decision and Order, namely 15%. Therefore, the Court will order the entry of final judgment against Michael Starito in the amount of $953,122.

### C. As to Disclosure of Insurance Coverage

Finally, the claimant asks the Court to order Delmarine and Starito to disclose the remaining policy limits of their insurance coverage. The claimant asserts that because the policy is a wasting policy and Delmarine and Starito have incurred significant attorneys' fees and litigations costs in the action, they should be ordered to supplement their initial disclosures to include the remaining amount of insurance coverage.

FED. R. CIV. P. 26(a)(1)(D) requires parties to provide "for inspection and copying as under Rule 34 any insurance agreement under which any persons carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." The claimants contend that pursuant to Rule 26(e)(1)(a) Delmarine and Starito are required to supplement their disclosures because there has been a material change in the information disclosed at the inception of the action.

The Rule's primary purpose is to enable counsel to "realistically appraise the case by determining whether an insurer will be able to satisfy an expected judgment or settlement agreement." *Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgmt., Inc.*, No. 03CV0531, 03CV1625, 2005 WL 1522783, at *3 (E.D.N.Y. June 28, 2005). Here, it is undisputed that the parties satisfied their initial disclosure obligations. However, because the claimant likely needs the requested information to decide whether to proceed against Delmarine, the Court will grant the claimant's request and order Delmarine and Starito to disclose the remaining amount of insurance coverage.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that the Clerk of the Court is directed to consolidate case numbers 03CV6206 and 06CV3066 under case number 03CV6206, and close case 06CV3066. All previous rulings shall apply equally in both cases; and it is further

**ORDERED**, that the Clerk of the Court is directed to enter final judgment in favor of the claimant Linda Fainer against Michael J. Starito in the amount of $953,122; and it is further

**ORDERED**, that Delmarine and Starito disclose the remaining policy limits of their insurance coverage within 15 days of this opinion;

**ORDERED**, that with respect to the limitation phase, the parties are directed to submit a letter to this Court within 31 days of this opinion explaining why the entire action should not be closed.

**SO ORDERED.**

Dated: Central Islip, New York
February 1, 2008

_____
ARTHUR D. SPATT
United States District Judge